IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC<br>    Plaintiff,<br><br>    v.<br><br>LISA D. REED, DAWNA R. REED, RYAN DOUGLAS REED, DARYL D. REED,<br><br>    Defendants. | Civil Action No.  3-18-cv-160 |

## COMPLAINT

Plaintiff Columbia Gas Transmission, LLC ("Columbia") files this Complaint against Defendants Lisa D. Reed, Dawna R. Reed, Ryan Douglas Reed, and Daryl D. Reed (the "Reeds") to enforce an April 1, 1969 oil and gas lease, which was amended on July 24, 1972, and recorded in Bedford County, and for injunctive relief compelling the Reeds to permit Columbia access to the leased property.  Columbia also seeks compensatory damages from the Reeds for breach of the lease and for intentional disregard of Columbia's property rights.

## THE PARTIES

1. Columbia is a Delaware limited liability company, which has as its sole member Columbia Pipeline Group Operating Company LP ("OpCo"), a Delaware LP, with its principal place of business in Texas.  OpCo has one general partner and three limited partners.  All of OpCo's limited partners, its general partner and all entities related to OpCo's General Partner and Limited Partners are citizens of Delaware and Texas for diversity purposes.  Columbia is engaged in the natural gas industry and constructs, owns, operates, and maintains interstate

pipelines, storage fields, and related facilities for the transmission of natural gas and its by-products.

2. Upon information and belief, Lisa D. Reed, Ryan Douglas Reed, and Daryl D. Reed are citizens and residents of Pennsylvania.

3. Upon information and belief, Dawna R. Reed is a citizen and resident of Virginia.

4. Upon information and belief, the Reeds are the owners of property in Mann Township, Bedford County, Pennsylvania, more particularly described in the deed attached as **Exhibit 1** (the "Property").

## VENUE AND JURISDICTION

5. Because this case involves claims whose value exceed the sum of $75,000.00, exclusive of interests and costs, and because the case arises between citizens of different states, it is within the original subject matter jurisdiction of this Court, pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property at issue is located in Bedford County and the conduct giving rise to the causes of action alleged occurred in Bedford County, which is within the Western District of Pennsylvania.

## FACTUAL BACKGROUND

7. On April 1, 1969, Columbia's predecessor-in-interest, The Manufacturers Light & Heat Company, entered into an oil and gas lease with Paul Reed and Zolla Reed, the predecessors-in-interest to the Reeds, encompassing the Property. The oil and gas lease was recorded in Bedford Country, Pennsylvania at Book 68, page 57, and is attached as **Exhibit 2** (the "Lease").

8. The Lease grants, among other rights, "the exclusive rights also in the Lessee to utilize the surface and the underlying strata of said land, including the oil and gas sands and

formations for gas storage purposes by injecting into, holding in storage therein and withdrawing therefrom gas." **Exhibit 2, ¶ 1**.

9. The Lease further grants "such other rights and privileges as may be necessary or convenient for carrying on any and all such production and storage operations either on said land alone or conjointly with other lands, including but not limited to the right to construct, maintain, operate, and use pipelines with appurtenant facilities and roads to wells and well locations thereon." *See id*.

10. The Lease specifically states that "[a]ll the terms, conditions and covenants between the parties hereto shall extend to the heirs, personal representative, successors and assigns of the respective parties." **Exhibit 2, ¶ 13**.

11. On July 24, 1972, Paul Reed and Zolla Reed entered into a Supplement and Modification of Oil and Gas Lease with Columbia Gas Transmission Corporation, Columbia's predecessor-in-interest, supplementing and modifying the original Lease ("Amendment"). The Amendment was recorded in Bedford County at Book 74, Page 163 and is attached as **Exhibit 3**.

12. The Amendment grants, among other rights, the right "to drill, maintain, and operate all such new wells and to recondition, reopen, maintain and operate all such existing and abandon wells, including the equipment therein." **Exhibit 3, ¶ 1**.

13. The Amendment further grants "**all other rights and privileges necessary, incidental or convenient for the operation** of the above tract conjointly with the other lands for the production, and transportation of oil and gas and for the production, **storage and withdrawal of gas, with the right of ingress or egress of such tract for exercising any of the aforesaid rights**." *See id*. (emphasis added).

14. The Amendment specifically states that "[a]ll the terms, conditions, limitations and covenants of said original lease as heretofore amended …. Shall extend to the respective heirs, successors, personal representatives and assigns of the parties hereto." **Exhibit 3, ¶ 8**.

15. Pursuant to the Lease and the Amendment, and pursuant to certification from the Federal Energy Regulatory Commission ("FERC"), the Property is included in Columbia's Artemis Storage Field and Columbia operates associated facilities on the Property.

16. As part of its modernization program, Columbia is upgrading its natural gas storage system, including constructing and operating five new natural gas storage wells in the Artemis Storage Field.

17. Modernizing and upgrading Columbia's natural gas storage system, including the Artemis Storage Field, is in the public interest.

18. One of the new natural gas storage wells in the Artemis Storage Field, well number 12633, will be located on the Property.

19. In order to receive the necessary FERC authorization to continue its modernization program and continue to upgrade its natural gas storage system, Columbia is required to submit documentation with the FERC by November 15, 2018.

20. Prior to submitting documentation to the FERC in November 2018, Columbia first needs to complete the following: (1) initial civil engineering surveying, (2) civil engineering design of the well pad, road, and staging area limits of disturbance, (3) environmental assessment, and (4) mechanical engineering design.

21. In order to begin the initial civil engineering surveying, Columbia and its surveyors need access to the Property.

22. Despite repeated written, telephone, and in-person communications by Columbia to the Reeds, the Reeds have refused to allow Columbia and its surveyors to access the Property.

23. The Reeds continue to refuse to allow Columbia and its surveyors to access the Property.

24. On August 4, 2018, the Reeds denied Columbia and its surveyors access to the Property after they had arrived to begin surveying work.

25. Without access to the Property to begin the civil engineering surveying, Columbia will be unable to accomplish the rest of its pre-construction activities and unable to timely submit required documentation to the FERC.

26. The Reeds' actions are undermining and delaying Columbia's efforts to modernize and upgrade its natural gas storage system.

27. The Reeds' actions will cause Columbia to incur significant costs associated with unnecessary delay of the modernization program.

28. The Reeds' actions are depriving Columbia of their express rights under the Lease and the Amendment.

## COUNT ONE: DECLARATORY JUDGMENT

29. Paragraphs 1-28 are incorporated by reference.

30. An actual controversy exists between Columbia and the Reeds regarding Columbia's right of access to the Property and Columbia's facilities on the Property.

31. This Court is authorized, under 28 U.S.C. § 2201, *et seq.*, to declare the rights and obligations of the parties to this action.

32. Under the Lease and the Amendment, Columbia is entitled to utilize the Property for the storage of natural gas.  **Exhibit 2; Exhibit 3**.

33. Under the Lease and the Amendment, Columbia is entitled to access to, and ingress and egress of, the Property in order to operate the Property for the storage of natural gas. **Exhibit 2; Exhibit 3**.

34. Under the Lease and the Amendment, Columbia is entitled to "all other rights and privileges necessary, incidental or convenient for the operation of … storage and withdrawal of gas." **Exhibit 3, ¶ 1**.

35. Accordingly, Columbia is entitled to access the Property to complete civil engineering survey work and other work required to continue the safe, efficient, and modernized storage of natural gas on the Property.

36. By refusing to allow Columbia and its surveyors on the Property, the Reeds have disputed and interfered with Columbia's express property and contractual rights.

37. Columbia is entitled to a declaration of its rights under the Lease and the Amendment.

WHEREFORE, Columbia requests declaratory relief declaring that, pursuant to the Lease and the Amendment, it has the right to access to, and ingress and egress of, the Property for natural gas storage operations and all those rights and privileges necessary, incidental or convenient for the operation of storage and withdrawal of natural gas, including civil engineering survey work, and all other work related to the modernization of the Artemis Storage Field, and the completion of well 12633.

## **COUNT II: BREACH OF CONTRACT**

38. Paragraphs 1 - 37 are incorporated by reference.

39. The Lease and Amendment are valid, enforceable contracts.

40. The Reeds are bound by the terms of the Lease and Amendment.  **Exhibit 2 ¶ 13; Exhibit 3 ¶ 8**.

41. The terms of the Lease and Amendment are plain and unambiguous.

42. Under the Lease and Amendment, Columbia is entitled to utilize the Property for natural gas storage operations. **Exhibit 2; Exhibit 3**.

43. Under the Lease and the Amendment, Columbia is entitled to access to, and ingress and egress of, the Property in order to operate the Property for the storage of natural gas. **Exhibit 2; Exhibit 3**.

44. Under the Lease and the Amendment, Columbia is entitled to "all other rights and privileges necessary, incidental or convenient for the operation of … storage and withdrawal of gas." **Exhibit 3, ¶ 1**.

45. Accordingly, Columbia is entitled to access the Property to complete civil engineering survey work and other work required to continue the safe, efficient, and modernized storage of natural gas on the Property, and for the purposes of doing all things necessary to complete well 12633. .

46. By refusing to allow Columbia and its surveyors on the Property, the Reeds have breached the terms of the Lease and Amendment.

47. The Reeds' breach of the Lease and Amendment will cause delay to Columbia's modernization and upgrade of its storage system in the Artemis Storage Field.

48. As a result of the delay caused by the Reeds, Columbia will incur damages related to delayed survey work, delayed civil engineering design, delayed environmental assessment, delayed mechanical engineering design, and ultimately, will render Columbia unable to submit required documentation to the FERC for the modernization of the Artemis Storage Field.

49.     Columbia is entitled to compensatory damages.

WHEREFORE, Columbia requests compensatory damages for defendants' breach of the Lease and Amendment.

### COUNT III:  INJUNCTIVE RELIEF

50.     Paragraphs 1-49 are incorporated by reference.

51.     The Reeds' conduct prohibiting Columbia from entering the Property is an unlawful and unreasonable interference with Columbia's rights under the Lease and Amendment.

52.     The Reeds' refusal to allow Columbia to undertake civil engineering survey work on the Property will cause irreparable harm because Columbia will be unable to complete the civil engineering design, environmental assessment, and mechanical engineering design required to submit the FERC documentation for the modernization of the Artemis Storage Field and the completion of well 12633. .

53.     Allowing Columbia access to the Property is in the public interest because the modernization and upgrade of aging natural gas storage systems, such as the Artemis Storage Field, is in the public interest.

54.     The Reeds have refused to allow Columbia to access the Property in violation of its express rights under the Lease and Amendment.  Unless enjoined, the Reeds will continue to refuse Columbia its rightful access to the Property.

55.     The Reeds will not be harmed by having the Lease and Amendment, valid and enforceable contracts to which they are bound, enforced.  The Reed will not be harmed by Columbia and its surveyors accessing the Property to perform civil engineering surveying.

56. Columbia has no adequate remedy at law to prevent the irreparable and continuing harm caused by the Reeds' unreasonable interference.

WHEREFORE, Columbia requests preliminary and permanent injunctive relief: (1) preventing the Reeds from interfering with or otherwise engaging in conduct that prevents Columbia from accessing the Property to conduct civil engineering surveying and related activities; and (2) enjoining the Reeds in the future from interfering with Columbia's right to access the Property under the Lease and Amendment; Columbia further requests judgment to be entered in its favor and against the defendants at defendants' cost.

REED SMITH LLP

August 16, 2018

/s/ Nicolle R. Snyder Bagnell
Nicolle R. Snyder Bagnell
Pa. I.D. No. 87936
Stefanie L. Burt
Pa. I.D. No. 312998
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Email:  nbagnell@reedsmith.com
          sburt@reedsmith.com
Telephone: (412) 288-3131
Facsimile:  (412) 288-3063

*Attorneys for Plaintiff*
*Columbia Gas Transmission, LLC*